ERNEST MCNEIL V. STATE.

No. 26,500. October 21, 1953.

*L. Clayton Rivers, Jr.,* Dallas, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the State.

GRAVES, Presiding Judge.

This cause is based upon an attempt to appeal from a judgment and sentence entered nunc pro tunc in the 99th Judicial District Court of Lubbock County, Texas, in which it is reflected that the appellant was indicted in such district court for the offense of theft of personal property of the value of more than fifty dollars on November 17, 1947. On November 21, 1947, in said court the appellant was adjudged guilty of said offense under a plea of guilty before the court. A formal judgment and sentence was entered which adjudged appellant to be guilty of "theft over fifty dollars." No new trial was granted and appellant has served the term of years allotted to him therein in the penitentiary and has been discharged therefrom.

On February 3, 1953, the state filed a motion in the trial court, praying that the judgment and sentence be corrected and entered nunc pro tunc so as to properly adjudge appellant guilty of the offense of "theft of corporeal personal property of the value of over fifty dollars." After due notice to appellant the trial court, on February 12, 1953 and after hearing, entered its order granting the state's motion to correct the judgment and sentence and entered upon the minutes of the court as of November 21, 1947, a judgment adjudging appellant guilty of the offense of theft of corporeal personal property of the value of over fifty dollars and sentenced him to serve not less than two nor more than five years in the state penitentiary. From this judgment and sentence appellant gave notice of appeal to this court, and such is the basis of this appeal.

It is shown by the record that at this time the appellant is also charged with a criminal offense in the district court of Dallas County, Texas, and in such charge it is alleged that he had previously thereto committed this offense in Lubbock County in which the judgment was corrected herein.

This court finds that at this time there is herein an effort upon the part of the appellant and his attorney to have the Texas Court of Criminal Appeals declare, in the event of a trial in Dallas County on this last charge against the appellant, that the act of the district court of Lubbock County in entering the proper judgment was improper and that same should not be utilized by the state in the trial of the case pending against appellant in Dallas County. Such a holding would be in effect a directory and declaratory judgment. There is no present basis therefor and should the same be granted, the requested judgment would be an effort upon our part to instruct the authorities in Dallas County to try a certain pending and untried case in a certain manner and holding in effect that at such future time the introduction of the conviction in Lubbock County should not be allowed. It is our opinion that we have no power to do such, and at the present time there is no necessity for this court to make a ruling upon the introduction of testimony in a case not yet tried.

The relief prayed for by the appellant herein is therefore denied.